■ In the Matter of SOUTH ISLAND ORTHOPAEDIC GROUP, P.C., Respondent, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Appellants. [931 NYS2d 542]—

Mercure, J.P.

This case presents an issue identical to that before us in *Matter of Martin H. Handler, M.D., P.C. v DiNapoli* (88 AD3d 1187

[2011] [decided herewith]). Briefly, petitioner is a nonparticipating provider of medical services under the Empire Plan, the primary health benefits plan for state and local government employees and their dependents. The state contracts with respondent United Healthcare Insurance Company of New York to process Empire Plan claims and United, in turn, pays a portion of fees charged by nonparticipating providers directly to members. Respondent Comptroller audited United to determine if it had overpaid claims due to petitioner's routine waiver of required member out-of-pocket costs on those claims. The Comptroller determined that petitioner had routinely waived those obligations, causing United to make substantial overpayments of approximately $800,000. The Comptroller recommended that United seek to recoup those overpayments and take steps to ensure that petitioner did not improperly waive member out-of-pocket costs in the future.

Petitioner then commenced this combined declaratory judgment action and CPLR article 78 proceeding to challenge the propriety of the audit findings and seek to enjoin respondents from acting on those findings. After the Comptroller answered and United filed a pre-answer motion to dismiss the petition, petitioner asserted in response that the Comptroller exceeded his constitutionally delegated authority in conducting the audit (*see* NY Const, art V, § 1). Supreme Court partially granted the petition on that basis and enjoined United from taking action based upon the results of the audit. Respondents now appeal.

For the reasons stated in *Matter of Martin H. Handler, M.D., P.C. v DiNapoli* (*supra*), we agree with respondents that Supreme Court erred in concluding that the Comptroller lacked authority to conduct the audit. United's arguments regarding the propriety of the injunction imposed against it are thus academic.

Peters, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.